

Michael Best & Friedrich LLP
Attorneys at Law
Becky Thornton
T 984.220.8738
E becky.thornton@michaelbest.com

> Based on the reasons given herein, and the representation that Plaintiff does not oppose the request, discovery is stayed pending resolution of Defendant's motion to dismiss, and the initial pretrial conference and obligation to file a Case Management Plan and Scheduling Order is adjourned sine die.
>
> SO ORDERED:
> 11/14/2025
> HON. ROBERT W. LEHRBURGER
> UNITED STATES MAGISTRATE JUDGE

November 13, 2025

**VIA ECF**
Hon. Vernon S. Broderick
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, NY 10007

RE: *Lyle Cheswick, individually and on behalf of all other similarly situated v. Mitra-9 Brands, LLC*
**Case No.: 25-cv-6795**

Dear Judge Broderick:

Pursuant to FRCP 26 and Rule 4(F) of the Court's Individual Rules and Practice in Civil Cases, Defendant Mitra-9 Brands, LLC ("Mitra-9") respectfully requests that discovery be stayed during the pendency of Mitra-9's Motion to Dismiss filed on October 20, 2025 (ECF Nos. 7-8). As set forth more fully below, Mitra-9 submits that good cause exists to grant its request that an extension of time to file the Case Management Plan and Scheduling order and stay of discovery is appropriate. Counsel for Plaintiff does not oppose this request.

### I.  Introduction.

Plaintiff's Complaint asserts a putative class action alleging three counts: (1) violation of New York General Business Law § 349; (2) violation of New York General Business Law § 350; and (3) fraud by omission, all premised on an alleged failure to disclose an addiction profile associated with Mitra-9's products. (ECF No. 1). On October 20, 2025, Mitra-9 moved to dismiss all counts with prejudice under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to plead a short and plain statement entitling him to relief. The Court has scheduled an Initial Pretrial Conference for November 20, 2025, and directed the parties to submit a proposed Civil Case Management Plan and Scheduling Order by November 13, 2025. No discovery has occurred to date. Accordingly, Mitra-9 respectfully requests an extension of the deadline to submit the proposed Civil Case Management Plan and Scheduling Order, and stay of discovery pending resolution of its Motion to Dismiss.



Hon. Vernon S. Broderick
November 13, 2025
Page 2

FRCP 26(c) of the authorizes a district court to stay discovery upon a showing of "good cause." Further, FRCP 26(d) permits courts to "also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d)." *Johnson v. N. Y. Univ. Sch. of Educ.*, 205 F.R.D. 433 (S.D.N.Y. Jan. 30, 2002). In determining whether good cause exists where, as here, a motion to dismiss is pending, "courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). All of these factors support Mitra-9's request for issuance of a stay.

> II.   **The Motion to Dismiss will result in a dismissal of all claims as to Mitra-9.**

First, as it relates to the strength of Mitra-9's Motion, Mitra-9 has demonstrated substantial arguments for dismissal, *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018), and which otherwise do not appear to be "unfounded in law." *Alapaha View Ltd.*, 2021 WL 1893316, at *4 (*quoting Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 U.S. Dist. LEXIS 163773, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015)); *see also Johnson*, 205 F.R.D. at 434. Mitra-9's Motion makes clear that the "viability of Plaintiff's claims is in at least some doubt pending the resolution of the motion to dismiss." *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

In fact, the Motion seeks dismissal of the entirety of Plaintiff's Complaint such that no claims will survive. Each of the causes of action in the Complaint fails to state a claim for a number of independent reasons, which are briefly summarized below:

- (1) Plaintiff's claims under New York General Business Law §§ 349 and 350 fail because the Complaint does not allege facts showing Mitra-9 engaged in consumer-oriented conduct that was materially misleading and caused injury. Both statutes require proof of a deceptive act likely to mislead a reasonable consumer, but Plaintiff's allegations rely on generalized assertions about kratom's addictive potential without connecting them to Mitra-9's specific product formulations or marketing statements.



Hon. Vernon S. Broderick
November 13, 2025
Page 3

(2) Plaintiff's theory that he and others would not have purchased Mitra-9's products absent the alleged omission is legally insufficient. New York courts consistently reject claims where the only alleged injury is the purchase price paid, without showing that the price was inflated by deception or that there was harm beyond economic loss. Plaintiff's attempt to equate deception with injury mirrors theories previously discredited in similar cases.

(3) Plaintiff does not identify any specific misleading statement or omission by Mitra-9. Instead, he relies on equivocations between general claims like "all natural" and the alleged addiction risk of kratom, without alleging these statements were false or inherently misleading. Further, Plaintiff admits that information about kratom's addictive potential is widely available, undermining any claim that Mitra-9 withheld exclusive knowledge. These contradictions render the omission claim implausible.

(4) Plaintiff's fraud claim fails because he does not plead the required elements: a material omission, scienter, reasonable reliance, and a duty to disclose. He alleges Mitra-9 knew kratom is addictive but does not connect this to the specific formulation of its products or explain why disclosure was material given his own allegations of widespread public knowledge. Additionally, Plaintiff fails to show Mitra-9 had superior knowledge or that he reasonably relied on any omission, defeating the claim.

### III. Plaintiff's Anticipated Discovery Requests Will be Over Broad and Burdensome.

Although no discovery requests have yet been served, the allegations in Plaintiff's Complaint indicate that he will pursue expansive discovery, imposing a significant and undue burden on Mitra-9. Plaintiff claims to have purchased multiple Mitra-9 products—including kratom seltzers, powders, and shots—over an 18-month period from early 2024 through August 2025, which alone suggests extensive document and data collection involving Mitra-9's policies, procedures and involvement in the design and manufacture of the kratom products alleged to be at issue. The claim would also necessitate extensive expert witness discovery related to kratom use, its pharmacology and issues related to the claimed addiction. Moreover, because the Complaint asserts a putative class action, discovery would necessarily broaden to encompass issues of class certification and merits for an unknown number of potential class members. Such efforts, including likely ESI searches and production, would be extraordinarily time-consuming and costly. Given the strength of Mitra-9's



Hon. Vernon S. Broderick
November 13, 2025
Page 4

pending Motion to Dismiss, this discovery would be entirely unnecessary. Courts routinely stay discovery under these circumstances to avoid wasting resources and imposing undue burdens. See *HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 2020) (granting stay where proceeding with discovery during a pending motion to dismiss "would waste the parties' resources and constitute an undue burden" when the motion raised "viable grounds" for dismissal).

IV.     **Plaintiff Will Not be Prejudiced from a Limited Stay**.

Plaintiff will not suffer any unfair prejudice from a brief, limited stay of discovery. As courts have recognized, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG, 2018 WL 1989585, at *9 (*S.D.N.Y. Apr. 26, 2018*).* This case was only filed on August 15, 2025, just three months ago, and its early stage further underscores the absence of prejudice. *See Spinelli*, 2015 WL 7302266, at *2 (finding no prejudice from a stay in a nearly two-year-old case, noting that "with the viability of the Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice"); *Shulman*, 2018 WL 4938808, at *4 (same, where case was "not even a year old"). Moreover, Mitra-9 is the only defendant so granting its request for a stay will not impede overall case progress or create divergent discovery schedules. Finally, plaintiff affirmatively does not oppose a stay, eliminating any claim of prejudice.

V.     **Conclusion.**

Accordingly, for the foregoing reasons, Mitra-9 respectfully requests that the Court grant its request to stay discovery until the Court has ruled on its pending motions.

                                                                **Respectfully submitted,**

                                                                /s/ Becky Thornton

                                                                Becky R. Thornton (admitted pro hac vice)
                                                                Justin G. May (admitted pro hac vice)
                                                                Richard M. Scherer, Jr., Esq.